```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH P. MAGNER,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF VETERANS AFFAIRS<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-2873 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, <u>pro se</u> Plaintiff Joseph P. Magner, who is currently incarcerated at FCI Fort Dix, asks this Court to review the Department of Veterans Affairs' ("VA") decision to reduce his monthly compensation benefits due to his incarceration, and to apply a portion of his monthly benefits to his outstanding pension indebtedness. Plaintiff states that the reduced amount of $41.60 does not cover his total monthly expenses of $123.00 and asks this Court to direct the Department of Veterans Affairs to "grant him relief." Because Plaintiff seeks to bring this action <u>in forma pauperis</u>, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1.   Because Plaintiff's application affidavit states that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915,

permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

2. 28 U.S.C. § 1915(e)(2)(B) requires the Court to review Plaintiff's Complaint and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if, evaluated objectively, it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)); Deutsch v. United States, 67 F.3d 1080, 1086–87 (3d Cir. 1995). In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

3. Having reviewed Plaintiff's Complaint,[1] the Court finds that Plaintiff's Complaint fails to conform to Fed. R. Civ. P. 8(a), and because the Court lacks subject matter jurisdiction to review benefits determinations made by the VA. Plaintiff's Complaint must be dismissed.

4. Rule 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no

---

[1] Plaintiff's Complaint is styled as a "Motion Requesting Response and Relief." [Docket Item 1.]

2

new jurisdictional support." Fed. R. Civ. Pro. 8(a)(1). The Court may dismiss a complaint that lacks such a statement. Jackson v. Sec'y Pa. Dept. of Corr., 438 Fed. Appx. 74, 75 (3d Cir. 2011) (affirming district court's dismissal of pro se plaintiff's complaint in part because it lacked a short and plain statement of the court's jurisdictional grounds). Because Plaintiff Magner has stated no grounds for the court's jurisdiction, the Complaint must be dismissed for failure to comply with Rule 8(a)(1). Rhett v. New Jersey State Superior Court, 260 Fed. App'x 513, 515 (3d Cir. 2008) (affirming district court's dismissal of pro se litigant's complaint because it lacked a short and plain statement of either the grounds for jurisdiction or the substantive claims for relief); Schultz v. Cally, 528 F.2d 470, 474 (3d Cir. 1975) ("It is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim."); Liggon v. Simmons Pet Food, 2015 WL 1189561, at *2 (D.N.J. Mar. 13, 2015) (dismissing pro se plaintiff's complaint in part because he failed to state any grounds for jurisdiction).

  5. Plaintiff's Complaint also requires dismissal under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over his claim. Plaintiff wishes to challenge the reduction of his veterans compensation benefits. However, federal judicial review of VA decisions is severely limited by

3

the Veterans Judicial Review Act of 1988 ("VJRA"). Pub.L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-4122 (codified in various sections of Title 38 of the United States Code). The VJRA established an exclusive, multi-tiered judicial process for reviewing veterans' benefits claims so that "timely, consistent, and fair decisions" could be made "in a truly independent court which will not be burdened by other cases having nothing to do with veterans." 134 Cong. Rec. H9258 (daily ed. Oct. 3, 1988) (statement of Rep. Solomon); <u>Bates v. Nicholson</u>, 398 F.3d 1355, 1364 (Fed. Cir. 2005). To that end, 38 U.S.C. § 511(a) states that the Secretary of Veterans Affairs

> shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . Subject to subsection (b), <u>the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court</u>, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added).[2] Section 511(a) specifically "precludes judicial review in Article III courts of VA decisions

---

[2] Section 511(b) contains four exceptions to § 511(a)'s bar to judicial review, none of which apply here to allow this Court to review Plaintiff's claim. Three exceptions deal with narrow subject matters: the review of VA rules and regulations in the Federal Circuit; district court review of claims related to federally-provided insurance; and suits under chapter 37 of Title 38 relating to housing and small business loans. 38 U.S.C. § 511(b)(1)-(3); <u>id.</u> §§ 502, 1975, 1984, & ch. 37. The final exception permits review in the Court of Appeals for Veterans Claims. 38 U.S.C. § 511(b)(4); <u>id.</u> ch. 72.

4

affecting the provision of veterans' benefits." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000); see also Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995) (noting that Congress "clearly announced [its] intent [] to preclude review of benefits determinations in federal district courts" under the VJRA).

    6.    The VJRA creates an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs. Zuspann, 60 F.3d at 1158. To appeal a benefits determination, a veteran must first seek review within the agency by filing a "notice of disagreement" with the agency of original jurisdiction. 38 U.S.C. §§ 7104(a) and 7105(a); Fleming v. Veterans Admin. Med. Ctrs., 348 Fed. App'x 737, 738 (3d Cir. 2009). The veteran may then file a formal appeal of the agency decision with the Board of Veterans' Appeals. 38 U.S.C. § 7105(d)(3). An appeal of the Board's decision must be filed in the Court of Appeals for Veterans Claims, which has "exclusive jurisdiction to review" the Board's decisions. 38 U.S.C. § 7252(a); Fleming, 348 Fed. App'x at 738; Zuspann, 60 F.3d at 1159. And finally, any further appeal must be brought in the Federal Circuit, which has exclusive appellate jurisdiction over the decisions of the Court of Appeals for Veterans Claims. 38 U.S.C. § 7292; Zuspann, 60 F.3d at 1159.

7.    In short, "the VJRA explicitly granted comprehensive and exclusive jurisdiction to the [Court of Veterans Appeals] and the Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions under § 511(a)." Beamon v. Brown, 125 F.3d 965, 971 (6th Cir. 1997). Congress provided this specialized review process specifically because they believed that "district courts lacked the necessary expertise" to adjudicate such matters. Bates, 398 F.3d at 1364.

8.    Plaintiff asks this Court to "issue an order directing that the Department of Veterans Affairs, Respondent, respond and grant him relief" by increasing his monthly compensation benefits. (Compl. at 3.) As Plaintiff clearly seeks review of a "decision by the Secretary [of Veterans Affairs]" that "affects the provision of benefits," it is plain that this Court has no jurisdiction to consider his claim. 38 U.S.C. § 511(a). See, e.g., Fleming, 348 Fed. App'x at 739 (holding that district court did not have subject matter jurisdiction over a claim challenging a medical diagnosis by the VA); Price, 228 F.3d 420, (D.C. Cir. 2000) (holding that district court lacked jurisdiction over a claim that VA failed to reimburse plaintiff for medical expenses because "[t]exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit."); Harris v. Dep't of Veterans

6

Affairs, Civ. No. 05-492, 2006 WL 827830, at *3 (W.D. Pa. Mar. 30, 2006) (finding that VJRA deprived district court of jurisdiction over veteran's claims against the VA); MacKay v. Veterans Admin., Civ. No. 03-6089, 2004 WL 1774620, at *3 (E.D. Pa. Aug. 5, 2004) (holding that district court lacked subject matter jurisdiction over veteran's complaint seeking review of VA benefits decision because the Court of Appeals for Veterans Claims "has exclusive jurisdiction of appeals of VA determinations of benefit claims.").

7. In sum, and for all of the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to comply with Rule 8(a)(1) and lack of subject matter jurisdiction under Rule 12(b)(1). As the Court finds no prospect that Plaintiff can cure the jurisdictional defect, Plaintiff's Complaint will be dismissed with prejudice. The Court expresses no view about the merits of Plaintiff's appeal. Nothing herein precludes Plaintiff from pursuing any available administrative review under the VJRA. The accompanying Order will be entered.


 August 3, 2015                          s/ Jerome B. Simandle
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge

7